1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    JAWAAD HASAN,                    )        1:08-cv-00381-GSA-PC
                                       )
12                                     )        ORDER GRANTING  DEFENDANTS'
                    Plaintiff,         )        MOTION TO STRIKE
13                                     )        (Doc. 38.)
              vs.                      )
14                                     )        ORDER STRIKING PLAINTIFF'S MOTION
      B. JOHNSON, et al.,              )        TO COMPEL AS DUPLICATIVE
15                                     )        (Doc. 34.)
                                       )
16                                     )        ORDER DENYING PLAINTIFF'S MOTION
                                       )        TO PROPOUND FURTHER
17                  Defendants.        )        INTERROGATORIES, WITHOUT
                                       )        PREJUDICE
18                                     )        (Doc. 34.)
19    _____)

20    **I.      RELEVANT PROCEDURAL HISTORY**

21          Jawaad Hasan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with

22    this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's original

23    Complaint filed on March 17, 2008, against defendant Johnson ("Defendant") for use of excessive

24    physical force in violation of the Eighth Amendment.  (Doc. 1.)  This case is presently in the

25    discovery phase.

26          On November 7, 2011, Defendant filed a motion to strike Plaintiff's motion to compel, filed

27    on October 21, 2011, as duplicative of Plaintiff's motion to compel filed on July 6, 2011.  (Doc. 38.)

28    ///

                                              1

## II.      DEFENDANT'S MOTION TO STRIKE

Defendant argues that Plaintiff's motion to compel, filed on October 21, 2011, should be stricken because it is identical to Plaintiff's motion to compel filed on July 6, 2011.  Defendant notes that on July 28, 2011, he filed an opposition to Plaintiff's July 6, 2011 motion to compel, and the motion is still pending.

The Court has examined Plaintiff's two motions to compel, filed on July 6, 2011 and October 21, 2011, and finds that each of the two-page motions is identical to the other, except for Plaintiff's dated signature.  Both motions are entitled exactly the same, "Motion For An Order Compelling Discovery Pursuant to Rule (S) 26 (b) 30 (b) 33.31 And 37 (a)" and contain identical typewritten verbage.  The only discernible difference between the two motions is in Plaintiff's signature, which varies in some respects, and the date of Plaintiff's signature.  Based on these facts, the Court agrees that the October 21, 2011 motion to compel is duplicative of the July 6, 2001 motion to compel.  Therefore, Defendant's motion to strike shall be granted.

## Plaintiff's Motion to Propound Further Interrogatories

The Court notes that, together with the October 21, 2011 motion to compel, Plaintiff filed a motion for leave to propound further interrogatories.  (Doc. 34 at 3-4.)[1]  Plaintiff requests leave to propound a second set of interrogatories, containing twenty-five interrogatories, upon Defendant, "in order to present a complete and competent case for trial."  (Doc. 34 at 3:24-25.)  Plaintiff argues that a second set of interrogatories is necessary because "Defendant circumvent[ed] the first set of interrogatories," and because the Court has not ruled on Plaintiff's motion to compel responses to the first set of interrogatories.  (Doc. 34 at 3-4.)

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."  Fed. R. Civ. P. 33(a).  Rule 26(b)(2)

---

[1]Attached directly behind Plaintiff' October 21, 2011 motion to compel, within Document 34 of the Court's record, is Plaintiff's motion for leave to propound a second set of interrogatories upon Defendant, entitled "Rule 33 Interrogatories Second Set."  (Doc. 34 at 3-4.)

1   provides that "[b]y order, the court may alter the limits in these rules on the number of . . .

2   interrogatories."  Fed. R. Civ. P. 26(b)(2)(A).

3          Plaintiff's evidence shows that on June 29, 2011, Defendant responded to thirty

4   interrogatories from Plaintiff's First Set of Interrogatories.  (Doc. 34 at 8-21.)  Thus, Plaintiff has

5   already exceeded the limit of twenty-five interrogatories allowed by Rule 33(a).   Plaintiff has not

6   shown good cause for the Court to grant leave for further interrogatories at this time.  Plaintiff has

7   not sufficiently explained why a second set of interrogatories is necessary because his motion to

8   compel is pending, or how further interrogatories will enable him "to present a complete and

9   competent case for trial."  Therefore, Plaintiff's motion to propound further interrogatories shall

10  be denied, without prejudice .

11  **IV.  CONCLUSION**

12         Based on the foregoing, IT IS HEREBY ORDERED that:

13         1.      Defendant's motion to strike, filed on November 7, 2011, is GRANTED;

14         2.      Plaintiff's motion to compel, filed on October 21, 2011, is STRICKEN from the

15                 court's record as duplicative of Plaintiff's motion to compel filed on July 6, 2011;

16                 and

17         3.      Plaintiff's motion for leave to propound further interrogatories, filed on October

18                 21, 2011, is DENIED without prejudice.

19

20         IT IS SO ORDERED.

21  **Dated:   November 8, 2011**              _____ **/s/ Gary S. Austin** _____
                                              UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28