1

2

3                        **UNITED STATES DISTRICT COURT**

4                            EASTERN DISTRICT OF CALIFORNIA

5

6   JAWWAAD HASAN,                          1:08-cv-00381-GSA-PC

7                    Plaintiff,             ORDER GRANTING DEFENDANT'S
                                            MOTION TO DISMISS STATE LAW CLAIMS
8         v.                                (Doc. 28.)

9   B. JOHNSON,                             ORDER DISMISSING PLAINTIFF'S STATE
                                            LAW CLAIMS FROM THIS ACTION, WITH
10                                          PREJUDICE, FOR FAILURE TO COMPLY
                     Defendant.             WITH CALIFORNIA'S TORT CLAIMS ACT
11
                                            ORDER FOR THIS ACTION TO PROCEED
12                                          ONLY ON PLAINTIFF'S CLAIM FOR
                                            EXCESSIVE FORCE UNDER THE EIGHTH
13                                          AMENDMENT

                    _____/
14

15  **I.      RELEVANT PROCEDURAL HISTORY**

16          Jawwaad Hasan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

17  this civil rights action filed pursuant to 42 U.S.C. § 1983.   This action proceeds on Plaintiff's

18  original Complaint filed on March 17, 2008, against defendant B. Johnson ("Defendant") for use of

19  excessive physical force in violation of the Eighth Amendment, and state law claims.[1]  (Doc. 1.)

20          The parties to this action have consented to Magistrate Judge jurisdiction pursuant to U.S.C.

21  § 636(c), and on March 19, 2010, this case was reassigned to the undersigned for all further

22  proceedings in this case, including trial and entry of final judgment.  (Docs. 7, 14, 26.)

23          On June 20, 2011, Defendant filed a motion to dismiss Plaintiff's state law claims for failure

24  to comply with California's Tort Claims Act ("CTCA").  (Doc. 28.)  On November 21, 2011,

25  Plaintiff filed an opposition to the motion.  (Doc. 29.)  Defendant did not file a reply.  Defendant's

26  motion to dismiss is now before the Court.

27  _____

28          [1]On October 20, 2010, the Court dismissed all other claims and defendants from this action based on
    Plaintiff's failure to state a claim.  (Doc. 19.)

                                             1

1      **II.      PLAINTIFF'S ALLEGATIONS AND CLAIMS**

2              The events at issue allegedly occurred at the California State Prison-Solano ("CSP-Solano")

3      in Vacaville, California, when Plaintiff was incarcerated there.   Defendant Johnson was a

4      correctional officer employed at CSP-Solano at the time of the events at issue.

5              Plaintiff alleges as follows in the Complaint.  On March 22, 2006, Plaintiff was escorted to

6      Administrative Segregation. Plaintiff was being placed in Administrative Segregation pending a

7      disciplinary charge against him for threatening staff.  (Compl., ¶12.)  Plaintiff, in handcuffs, was

8      escorted by Defendant Johnson and C/O Gonzalez. Id.  Defendant Johnson, holding Plaintiff by the

9      handcuffs, "without just cause, justification, provocation or good cause or reason, violently jerked

10     the handcuffs, twisted them by the left side of the handcuffs, and thrusted plaintiffs' handcuffs

11     upward thereby forcing plaintiff to walk on his toes." (Compl., ¶13.)  Upon reaching the rotunda

12     area, Defendant Johnson "grabbed plaintiff and violently propelled him across the rotunda slamming

13     plaintiff into another wall, and continued to slam plaintiff into walls thereon opposite sides of the

14     rotunda back and forth for several minutes.  Plaintiff's head was slammed into the walls several

15     times during this beating episode carried out by defendant Johnson." (Compl., ¶14.)  Plaintiff seeks

16     monetary damages as relief.

17             Plaintiff brings a claim against Defendant Johnson for use of excessive force in violation of

18     the Eighth Amendment of the United States Constitution.  Plaintiff also brings state law claims,

19     claiming that Defendant Johnson's conduct violated Article 1, § 7(a) and Article 1, § 17 of the

20     California Constitution.  Article 1, § 7(a) , provides, in part, that "[a] person may not be deprived

21     of life, liberty, or property with due process of law or denied equal protection of the laws," and

22     Article 1, § 17 provides, in part, that "[c]ruel or unusual punishment may not be inflicted."  Cal.

23     Const. Art. 1, §§ 7, 17.

24

       **III.     MOTION TO DISMISS – FAILURE TO COMPLY WITH CALIFORNIA'S TORT**
25     **          CLAIMS ACT**

26             Defendant Johnson brings a motion to dismiss Plaintiff's state law claims pursuant to Rule

27     12(b)(6), based on Plaintiff's failure to comply with the CTCA before filing this lawsuit and, in the

28     ///

1    alternative, because there is no private right of action under Article 1 § 7(a) or Article I, § 17 of the

2    California Constitution.

3          A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of a claim, and

4    dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts

5    alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th

6    Cir. 2011) (quotation marks and citations omitted).  In resolving a 12(b)(6) motion, a court's review

7    is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992,

8    998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California

9    Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  However, the court may properly consider

10   matters subject to judicial notice and documents incorporated by reference in the pleading without

11   converting the motion to dismiss to one for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 908

12   (9th Cir. 2003).

13         Here, Defendant requests the Court to take judicial notice of the declaration of James

14   Reinmiller, Custodian of Records of the Government Claims Program at the California Victim

15   Compensation and Government Claims Board ("Board"), dated March 2, 2011, attesting that he

16   conducted a records search in the ordinary course of business and was unable to locate any claims

17   submitted to the Board by Jawwaad M. Hasan, H84717, regarding an incident on March 22, 2006.

18   The declaration is an official public record and its contents are not reasonably in dispute.  It is

19   therefore appropriately the subject of judicial notice. See Fed. R. Evid. 201(b)(2).

20         **California's Tort Claims Act**

21         The CTCA requires that a tort claim against a public entity or its employees be presented to

22   the Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910,

23   911.2, 945.4, 950-950.2 (West 2011).  Such a suit includes all actions where the plaintiff is seeking

24   monetary relief. Hart v. County of Alameda, 76 Cal.App.4th 766, 778, 90 Cal.Rptr.2d 386 (1999).

25   Accordingly, the claims presentation requirement applies to all forms of monetary demands,

26   regardless of the theory of the action. Id. at 778–779, 90 Cal.Rptr.2d 386.

27         Presentation of a written claim, and action on or rejection of the claim are conditions

28   precedent to suit. Shirk v. Vista Unified Sch. Dist., 164 P.3d 630, 634 (Cal. 2007); State v. Superior

Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  Shirk, 164 P.3d at 634; Bodde, 90 P.3d at 119; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

"'Where compliance with the [California] Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.'" Mangold, 67 F.3d at 1477 (quoting Snipes v. City of Bakersfield, 15 Cal.App.3d 861, 193 Cal.Rptr. 760, 762 (Cal.App. 1983).  "Complaints that do not allege any facts demonstrating that a tort claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Shirk, 164 P.3d at 634.

**Defendant's Motion**

Defendant argues that Plaintiff's state law claims should be dismissed because Plaintiff failed to comply with the CTCA.  Defendant maintains that Plaintiff failed to allege facts in his Complaint demonstrating that he complied with the CTCA.  Defendant argues that Plaintiff implies that he did not file his state law claim with the Board by his statement in the Complaint that he is and was "exempt from filing a tort claim with the State of California." (Compl., ¶9.)  Defendant maintains that Plaintiff alleges no facts in the Complaint, such as facts supporting a ground of equitable estoppel, that would excuse him from the claim presentation requirement.

Defendant also provides evidence that there is no record that Plaintiff filed any claim with the Board regarding the incident on March 22, 2006 that is the subject of this action.  (Declaration of James Reinmiller, Doc. 29 at Exh. A.)

In opposition, Plaintiff submits his own declaration asserting that "the complaint pled facts which if true would support a claim of estoppel so as to avoid the failure of noncompliance with the tort claims (Act)."  (Decl. of Jawwaad Hasan, Doc. 40 at ¶4.)

///

**Discussion**

Defendant has demonstrated that Plaintiff failed to file any claim with the Board regarding the incident on March 22, 2006 that is the subject of this action. (Declaration of James Reinmiller, Doc. 29 at Exh. A.) Plaintiff has not provided any evidence to the contrary. While Plaintiff argues that he is excused from the claim presentation requirement based on the facts in the Complaint, the Court finds no such evidence in the Complaint. The six month deadline for filing a claim with the Board has expired. Therefore, Defendant is entitled to the dismissal of Plaintiff's state law claims, with prejudice.

**IV.      MOTION TO DISMISS - NO PRIVATE RIGHT OF ACTION**

In the alternative, Defendant argues that Plaintiff's state law claims should be dismissed because even if Plaintiff had filed a claim with the Board prior to bringing this action, there is no private right of action under Article 1, § 7 or Article 1, § 17 of the California Constitution. In light of the Court's finding herein that Plaintiff's state law claims should be dismissed for failure to comply with the CTCA, the Court shall not consider this argument.

**V.      CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Defendant's motion to dismiss Plaintiff's state law claims, filed on June 20, 2011, is GRANTED;

2.      Plaintiff's state law claims are DISMISSED from this action, with prejudice, for failure to comply with California's Tort Claims Act; and

3.      This action now proceeds only on Plaintiff's claim for use of excessive force in violation of the Eighth Amendment against defendant Johnson.


IT IS SO ORDERED.

Dated:    **February 13, 2012**                    **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

5