# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWWAAD HASAN, | 1:08-cv-00381-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS |
| vs. | (Doc. 30.) |
| B. JOHNSON, | ORDER CLOSING DISCOVERY |
| Defendant. | |

**I.    RELEVANT PROCEDURAL HISTORY**

Jawwaad Hasan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's original Complaint filed on March 17, 2008, against defendant Correctional Officer B. Johnson ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1]  (Doc. 1.)

The parties to this action have consented to Magistrate Judge jurisdiction pursuant to U.S.C. § 636(c), and on March 19, 2010, this case was reassigned to the undersigned for all further proceedings in this case, including trial and entry of final judgment. (Docs. 7, 14, 26.)

On April 21, 2011, the Court issued a Discovery/Scheduling Order establishing a deadline of December 21, 2011, for the parties to complete discovery, including motions to compel. (Doc. 27.) On July 6, 2011, Plaintiff filed a motion to compel and for sanctions. (Doc. 30.) On July 28, 2011, Defendant filed an opposition. (Doc. 31.) Plaintiff did not file a reply. Plaintiff's motion to compel and for sanctions is now before the Court.

---

[1] On October 20, 2010, the Court dismissed the Doe defendants, and Plaintiff's claim based on supervisory liability, from this action based on Plaintiff's failure to state a claim. (Doc. 19.) On February 13, 2012, the Court dismissed Plaintiff's state law claims from this action via Defendant's motion to dismiss. (Doc. 43.)

1

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

The events at issue in Plaintiff's Complaint allegedly occurred at the California State Prison-Solano ("CSP-Solano") in Vacaville, California, when Plaintiff was incarcerated there. Defendant Johnson was a correctional officer employed at CSP-Solano at the time of the events at issue.

Plaintiff alleges as follows in the Complaint. On March 22, 2006, Plaintiff was escorted to Administrative Segregation. Plaintiff was being placed in Administrative Segregation pending a disciplinary charge against him for threatening staff. (Compl., ¶12.) Plaintiff, in handcuffs, was escorted by Defendant Johnson and C/O Gonzalez. Id. Defendant Johnson, holding Plaintiff by the handcuffs, "without just cause, justification, provocation or good cause or reason, violently jerked the handcuffs, twisted them by the left side of the handcuffs, and thrusted plaintiffs' handcuffs upward thereby forcing plaintiff to walk on his toes." (Compl., ¶13.) Upon reaching the rotunda area, Defendant Johnson "grabbed plaintiff and violently propelled him across the rotunda slamming plaintiff into another wall, and continued to slam plaintiff into walls thereon opposite sides of the rotunda back and forth for several minutes. Plaintiff's head was slammed into the walls several times during this beating episode carried out by defendant Johnson." (Compl., ¶14.) Plaintiff seeks monetary damages as relief.

Plaintiff brings a claim against Defendant Johnson for use of excessive force in violation of the Eighth Amendment of the United States Constitution. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes

2

1  from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

### III.  MOTION TO COMPEL AND FOR SANCTIONS

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.). Pursuant to Rule 33, an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

3

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a). Rule 26(b)(2) provides that "[b]y order, the court may alter the limits in these rules on the number of . . . interrogatories." Fed. R. Civ. P. 26(b)(2)(A).

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

**A.    Plaintiff's Motion**

Plaintiff seeks an order compelling Defendant to fully answer Interrogatories Nos. 6 and 10 through 30 of his first set of Interrogatories, which he served on Defendant on May 16, 2011.[2] Initally, Plaintiff argues that Defendant's responses to his first set of Interrogatories are inadequate. Secondly, Plaintiff argues that under amended Rule 33, there is no limit on the number of interrogatories that may be propounded, as long as the inquiries are pertinent.[3] Plaintiff cites three cases in support of his second argument: J. Schoeneman, Inc. v. Brauer, Canuso v. City of Niagara Falls, and Hoffman v. Wilson Line, Inc.[4] Plaintiff also seeks monetary sanctions in the amount of

---

[2] Plaintiff does not seek further responses to Interrogatories Nos. 1 through 5, or 7 through 9, in this motion to compel.

[3] The Court capitalizes the word "Interrogatories" herein when referring to Plaintiff's thirty enumerated Interrogatories, and uses the lower case spelling when referring to "interrogatories" in general.

[4] Plaintiff's case citations are not complete or in proper form. The Court finds the cases located as follows: J. Schoeneman, Inc. v. Brauer, 1 F.R.D. 292 (W.D. Mo. 1940); Canuso v. City of Niagara Falls, 4 F.R.D. 362 (W.D.N.Y. 1945); Hoffman v. Wilson Line, Inc., 7 F.R.D. 73 (E.D. Pa. 1946).

4

$250.00 as reasonable expenses in obtaining this order, on the ground that Defendant's refusal to answer the Interrogatories had no substantial justification.

### B.     Defendant's Opposition

Defendant opposes Plaintiff's motion on the grounds that he provided full and complete responses to Interrogatories Nos. 1 through 9, as required under Rule 33.  Defendant admits that he inadvertently omitted responses to Plaintiff's Interrogatories 7(d) and 8(d), but proceeds in his opposition to provide those further responses.  Defendant maintains that with these further responses, he answered twenty-six interrogatories, counting subparts which constitute separate interrogatories.

As to the remaining Interrogatories, Defendant stands by his objections under Rule 33.  Defendant argues that he is not required to respond to all of Plaintiff's Interrogatories because Plaintiff asked more than twenty-five interrogatories without obtaining leave of court to do so, in violation of Rule 33.  Defendant contends that the cases cited by Plaintiff, which do not set a numerical limit on the number of interrogatories that a party may ask, are no longer good law, because the cases were decided in the 1940's before Rule 33 was amended in 1993, setting twenty-five interrogatories as the limit.

Defendant argues that Plaintiff's thirty Interrogatories, with subparts, actually constitute seventy interrogatories, because Plaintiff poses subpart questions which are not "logically or factually subsumed within and necessarily related to the primary question," as discussed in Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  Defendant uses the analysis of interrogatory subparts from Superior Communications v. Earhugger, Inc., 257 F.R.D. 215, 218 (C.D. Cal. 2009), and concludes that Plaintiff's Interrogatory No. 6 contains four subparts which constitute four separate interrogatories.[5]   Defendant also concludes that Interrogatories Nos. 1 through 9, with subparts, constitute twenty-six interrogatories.

With respect to Plaintiff's motion to compel a further response to Interrogatory No. 6, Defendant maintains that he fully and completely answered the Interrogatory, including all of its

---

[5] The court in Earhugger determined that subparts asking (1) facts that support or undermine your answer to the complaint, (2) identities of all persons with knowledge of these facts, and (3) documents relating to or referring to these facts, constituted three separate interrogatories.  Earhugger, 257 F.R.D. at 218.

5

subparts, because Defendant had not completed his investigation and analysis of the exhaustion issue addressed in paragraph ten (10) of the Answer. Defendant answered Interrogatory No. 6 as follows:

**INTERROGATORY NO. 6:**

"Refer to paragraph ten (10) of your answer to Plaintiff's complaint, and for each denial contained therein, state:

a. State each fact upon which you base each denial, specifying which fact pertain to each denial;

b. State the identity of each person by name, rank or job title and current address who has knowledge of each fact upon which you base each denial;

c. The identity of each document or writing as defined upon which you base each denial specifying which document pertains to which denial;

d. The identity of each person by name, job title or rank and current address who has possession, control of or dominion over each document specified in subpart "c" of this interrogatory."

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. This interrogatory is compound. As such, each subpart is treated as a separate interrogatory. To the extent this interrogatory seeks information not yet obtained, it is premature, as discovery and investigation are ongoing. Without waiving these objections, Defendant responds as follows: Paragraph 10 of Defendant's Answer is self-explanatory; Defendant lacks sufficient information at this time on which to admit or deny, and on that basis denies.

**C.   Discussion**

Plaintiff's argument that Rule 33 allows him to propound an unlimited number of interrogatories is without merit. The case law upon which Plaintiff relies is outdated. Under the current version of Rule 33, Plaintiff is allowed "no more than 25 written interrogatories, including all discrete subparts," unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 33(a)(1); see Fed. R. Civ. P. 26(b)(2)(A). Plaintiff served thirty Interrogatories on Defendant, without a stipulation or leave of court. Therefore, Plaintiff served too many Interrogatories, and Defendant is not required to respond to all of them.

Defendant argues that he is only required to respond to Plaintiff's Interrogatories Nos. 1 through 8, because those eight Interrogatories, with their discrete subparts, constitute twenty-five

1  separate interrogatories.[6] Defendant contends that Interrogatories Nos. 1 and 2 contain no subparts
2  and therefore each consist of only one interrogatory, that Interrogatory 3 contains three subparts and
3  therefore consists of three interrogatories, and that Interrogatories 4 through 8 each contain four
4  subparts and therefore each consist of four interrogatories.

5  Although the term "discrete subparts" does not have a precise meaning, courts generally agree
6  that "interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually
7  subsumed within and necessarily related to the primary question." Safeco of America v. Rawstrom,
8  181 F.R.D. 441, 445 (C.D. Cal. 1998). A single question asking for several bits of information
9  relating to the *same topic* counts as one interrogatory. (E.g., "State the name, address and telephone
10 number of each person present at the meeting.") See Id. However, questions seeking information
11 about *separate subjects* count as several interrogatories. (E.g., "Were you ever discharged from any
12 employment for incompetency or did you ever sue a former employer for any reason?") See Kendall
13 v. GES Exposition Services, Inc., 174 F.R.D. 684, 686 (D. Nev. 1997); Collaboration Properties, Inc.
14 V. Polycom, Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004) (single interrogatory seeking information
15 about 26 separate products in a patent case held to contain 26 discrete subparts). For example,
16 Interrogatories requesting (1) facts (information about a certain event), (2) persons (identify each
17 person who knew), and (3) documents (identify documents in support) have three discrete subparts,
18 with different themes. See Superior Communications v. Earhugger, Inc., 257 F.R.D. 215, 218 (C.D.
19 Cal. 2009).

20 The Court has examined Interrogatories 1 through 8 and agrees that they contain the number
21 of discrete subparts determined by Defendant. Interrogatory 3 contains three distinct subparts with
22 different themes, (1) the entity where Defendant worked, (2) Defendant's duties, and (3) Defendant's
23 supervisor. Interrogatories 4 through 8 are all worded similarly to each other and each contain four
24 distinct subparts with different themes: (1) facts upon which denial is based, (2) identity of persons
25 who have knowledge of facts, (3) documents upon which denials are based, and (4) persons who have

---

[6] Defendant intended to answer twenty-five interrogatories but answered twenty-six interrogatories due to a clerical error. (Doc. 31 at 8.)

7

possession, control of, or dominion over documents. Therefore, the Court finds that Plaintiff's Interrogatories 1 through 8, with their discrete subparts, contain twenty-five interrogatories. Therefore, since Defendant has already responded to Interrogatories Nos. 1 through 9, he is not required to respond to any more of Plaintiff's Interrogatories.

With respect to Interrogatory No. 6, the Court finds Defendant's response, that he lacked sufficient information to respond to the Interrogatory, to be adequate. The Interrogatory requests further information about a denial in Defendant's Answer which states, "In response to Paragraph 10 [of the Complaint, in which Plaintiff claims he has exhausted his administrative remedies], Defendant is without sufficient information on which to admit or deny, and, on that basis, denies the allegations therein." (Answer, Doc. 24 at 2 ¶10.) It is not unreasonable that Defendant would not have completed his investigation of the exhaustion issue at the time he responded to the Interrogatory.[7] The only basis for Plaintiff's argument appears to be that Defendant did not respond as anticipated. Plaintiff has not met his burden of demonstrating actual and substantial prejudice from the denial of discovery  Therefore, Defendant is not required to respond further to Interrogatory No. 6.

Based on the foregoing, Plaintiff's motion to compel and for sanctions shall be denied, and no further responses by Defendant are required.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to compel and for sanctions, filed on July 6, 2011, is DENIED; and

2.    Discovery in this action is now CLOSED.


IT IS SO ORDERED.

Dated:   **February 21, 2012**                          **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[7] However, the parties are reminded of their continuing obligation to update all discovery responses previously made if that party becomes aware of new information or becomes aware that an answer in a previous response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(2).