1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11   JAWWAAD HASAN,                          1:08-cv-00381-GSA-PC

12                    Plaintiff,             ORDER GRANTING DEFENDANT'S
                                             MOTION TO MODIFY SCHEDULING
13          v.                               ORDER TO EXTEND DEADLINE FOR
                                             FILING PRETRIAL DISPOSITIVE MOTIONS
14   B. JOHNSON,                             (Doc. 27.)

15                                           **New Dispositive Motions Deadline:**
                     Defendant.              **April 16, 2012**
16

17   _____/

18   **I.      BACKGROUND**

19          Jawwaad Hasan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

20   this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's original

21   Complaint filed on March 17, 2008, against defendant Correctional Officer B. Johnson

22   ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1]  (Doc. 1.)

23          On April 21, 2011, the Court issued a Discovery/Scheduling Order establishing a deadline

24   of March 1, 2012, for the parties to file pretrial dispositive motions.  (Doc. 27.)  On February 28,

25   2012, Defendant filed a motion to modify the Scheduling Order to extend the deadline for filing

26

27          [1]On October 20, 2010, the Court dismissed the Doe defendants, and Plaintiff's claim based on supervisory
     liability, from this action based on Plaintiff's failure to state a claim.  (Doc. 19.)  On February 13, 2012, the Court
28   dismissed Plaintiff's state law claims from this action via Defendant's motion to dismiss.  (Doc. 43.)

pretrial dispositive motions. (Doc. 45.) Defendant's motion to modify the Scheduling Order is now before the Court.

## II.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant requests an extension of the dispositive motions deadline of March 1, 2012, established by the Court's Discovery/Scheduling Order in this action, to allow him to file a properly supported motion for summary judgment. Defendant presents evidence that his counsel ("Counsel") has been working diligently to complete a dispositive motion in this case. Counsel was assigned this case on October 26, 2011. (Declaration Jarhett Blonien at ¶2.) Counsel took Plaintiff's deposition on December 21, 2011, received the deposition transcript from the court reporter on January 16, 2012, and then diligently commenced preparing a motion for summary judgment on Defendant's behalf. Id. However, Counsel needs additional time to acquire declarations from his client and other witnesses who have been difficult to reach due to their varied work schedules and unavailability. Id. at ¶3. Defendant also provides evidence that Counsel is currently working on many cases with immediate deadlines, which has limited Counsel's ability to draft a dispositive motion in this case. Id. at ¶4.

The Court finds that Defendant has shown due diligence in attempting to prepare and file a motion for summary judgment by the March 1, 2012 dispositive motions deadline established by the Court's Scheduling Order. Therefore, good cause appearing, Defendant's motion to modify the Scheduling Order shall be granted.

///

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Defendant's motion to modify the Court's Scheduling Order is GRANTED;

2.     The NEW DEADLINE for the parties to file pretrial dispositive motions is April 16, 2012; and

3.     All other provisions of the Court's April 21, 2011 Scheduling Order remain the same.

IT IS SO ORDERED.

**Dated:    February 29, 2012**                    _____ /s/ **Gary S. Austin** _____
                                                                   UNITED STATES MAGISTRATE JUDGE