# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWWAAD HASAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O JOHNSON,<br><br>　　　　Defendant.<br>_____/ | 1:08-cv-00381-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR COURT ASSISTANCE TO FACILITATE COMMUNICATION WITH INMATE WITNESSES<br>(Docs. 47, 56.)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION WITHIN THIRTY DAYS |

**I.     RELEVANT PROCEDURAL HISTORY**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Jawwaad Hasan ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis. All parties to this action have voluntarily consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case was assigned to the undersigned to conduct any and all further proceedings in the case, including the trial and entry of a final judgment. (Docs. 7, 14, 26.) This action now proceeds on Plaintiff's original Complaint filed on March 17, 2008, against defendant Correctional Officer B. Johnson ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 1.)

---

[1] On October 20, 2010, the Court dismissed the Doe defendants and Plaintiff's claim based on supervisory liability from this action based on Plaintiff's failure to state a claim. (Doc. 19.) On February 13, 2012, the Court dismissed Plaintiff's state law claims from this action via Defendant's motion to dismiss. (Doc. 43.)

1  Discovery in this action is now closed, and the deadline for filing pretrial dispositive motions has
2  expired. On May 15, 2012, Defendant filed a timely motion for summary judgment, which is now
3  pending. (Doc. 52.)
4        On April 6, 2012 and May 31, 2012, Plaintiff filed motions for assistance by the Court to
5  facilitate Plaintiff's communication with his inmate witnesses, and a motion to reopen discovery.
6  (Docs. 47, 56.) On April 23, 2012, Defendant filed a response to Plaintiff's April 6, 2012 motion.
7  (Doc. 51.) On May 29, 2012, Plaintiff filed a reply. (Doc. 55.) Plaintiff's motions are now before
8  the Court.

9  **II.  MOTION FOR ASSISTANCE IN CORRESPONDING WITH INMATE WITNESSES**

10       Inmates may only correspond with one another if they obtain written authorization from the
11 appropriate prison officials. Cal. Code Regs., tit. 15 § 3139 (2010). The Court does not have
12 jurisdiction in this action over anyone other than the Plaintiff and Defendant, and cannot direct
13 prison officials to allow Plaintiff to correspond with his witnesses. E.g., City of Los Angeles v.
14 Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United
15 for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v.
16 City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

17       Plaintiff requests court assistance in facilitating communication with his inmate witnesses
18 who are housed at different prisons throughout the state. Plaintiff requests the Court to act as a
19 "depository [or] go-between." (Motion, Doc. 47 at 1:24-25.) Plaintiff also requests a court order
20 enabling him to contact witnesses by telephone through the prison counselor. Plaintiff asserts that
21 in May 2011 he obtained assistance from an individual outside the prison who mailed him letters
22 from inmate witnesses indicating they were willing and able to testify about knowledge of the
23 excessive force incident at issue in this action; however, Plaintiff never received the information.
24 Plaintiff also asserts that in August 2011 he enlisted the services of a paralegal to contact inmate
25 witnesses, but Plaintiff has not received any mail from the paralegal. Plaintiff presumes that his mail
26 was tampered with by mailroom staff or correctional officers working in concert with Defendant or
27 Defendant's counsel.
28 ///

Defendant declares that he has not engaged in witness tampering and that, to his knowledge, no conspiracy exists regarding Plaintiff's mail. (Declaration of B. Johnson, Doc. 51-1 ¶¶2-3.) Defendant argues that there is no need for the Court to provide Plaintiff with assistance to communicate with his inmate witnesses, because the CDCR has established regulations providing inmates with the ability to communicate with other inmates, which Plaintiff has attempted to circumvent.

Plaintiff reasserts his contention that witness tampering has occurred and denies that he tried to circumvent prison regulations by using outside assistance to contact witnesses.

**Discussion**

Plaintiff's motion for court assistance must be denied. As discussed above, the Court does not have jurisdiction in this action to order prison officials to allow Plaintiff to correspond with his witnesses. Moreover, the Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). With respect to Plaintiff's request for the Court to act as a go-between, the Court is precluded from assisting Plaintiff or Defendant in this manner. "A district court lacks the power to act as a party's lawyer, even for pro se litigants." Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007). "[I]t is not for the trial court to inject itself into the adversary process on behalf of one class of litigant," Jacobson v. Filler, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986), or "to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket, " Bias at 1219 (citing Jacobson at 1365 n.5).

Plaintiff has not indicated that he exhausted the procedures available to him at the prison to obtain permission to correspond with his witnesses. Plaintiff seeks leave to contact witnesses by telephone through the prison counselor, but Plaintiff has not indicated that he made any attempt to communicate with the counselor or to make a formal request for assistance from prison officials. Plaintiff should follow procedures and use the available resources at the prison to obtain written

///

1 authorization to contact his witnesses, with consideration by prison officials of safety, security, and procedural priorities.

### IV. MOTION TO REOPEN DISCOVERY

Plaintiff requests that the Court reopen discovery to enable him to interview his witnesses and acquire the declarations needed to file a properly supported opposition to Defendant's motion for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose the motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007). A court is within its discretion to deny such a request when the party seeking the continuance has not diligently pursued discovery previously. Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir.1994).

Plaintiff maintains that he requires declarations from inmate witnesses to properly oppose summary judgment. However, Plaintiff has not submitted the affidavit required by Rule 56. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion within thirty days. Should Plaintiff choose to renew the motion, he must submit an affidavit or declaration[2] identifying the specific facts that further discovery would reveal, explaining why those facts would preclude summary judgment, discussing his diligence in pursuing discovery previously, and describing his efforts to obtain permission from prison officials to communicate with his witnesses.

///
///
///

---

[2] The declaration must be dated and signed by Plaintiff, attesting under penalty of perjury to facts known by the declarant, in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date) . (Signature)." Such a declaration, if properly prepared, is admissible in federal court with the same effect as an affidavit. 28 U.S.C. § 1746.

V.   **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for court assistance to facilitate communication with inmate witnesses, filed on April 6, 2012 and May 31, 2012, are DENIED; and
2. Plaintiff's motion to reopen discovery, filed on May 31, 2012, is DENIED, without prejudice to renewal of the motion within thirty days of the date of service of this order, as instructed by this order.

IT IS SO ORDERED.

Dated:   **July 9, 2012**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE