1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11    JAWWAAD HASAN,                          1:08-cv-00381-GSA-PC

12              Plaintiff,                    ORDER DENYING PLAINTIFF'S RENEWED
                                             MOTION FOR COURT ASSISTANCE TO
13        v.                                  FACILITATE COMMUNICATION WITH
                                             INMATE WITNESSES, WITH PREJUDICE
14    C/O JOHNSON,                            (Doc. 66.)

15              Defendant.
      _____/

16

17    **I.      RELEVANT PROCEDURAL HISTORY**

18          This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Jawwaad Hasan

19    ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis.  All parties to this action have

20    voluntarily consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and

21    the case was assigned to the undersigned to conduct any and all further proceedings in the case,

22    including the trial and entry of a final judgment.  (Docs. 7, 14, 26.)  This action now proceeds on

23    Plaintiff's original Complaint filed on March 17, 2008, against defendant Correctional Officer B.

24    Johnson ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1]  (Doc. 1.)

25    Discovery in this action is now closed, and the deadline for filing pretrial dispositive motions has

26

27    _____

28          [1]On October 20, 2010, the Court dismissed the Doe defendants and Plaintiff's claim based on supervisory
      liability from this action based on Plaintiff's failure to state a claim. (Doc. 19.)  On February 13, 2012, the Court
      dismissed Plaintiff's state law claims from this action via Defendant's motion to dismiss. (Doc. 43.)

expired.  On May 15, 2012, Defendant filed a timely motion for summary judgment, which is now pending.  (Doc. 52.)

On April 6, 2012, Plaintiff filed a motion for Court assistance in communicating with his inmate witnesses who are housed at different correctional facilities.  (Doc. 47.)  On July 7, 2012, the Court denied the motion.  (Doc. 62.)  On August 10, 2012, Plaintiff renewed his motion for assistance by the Court to facilitate communication with his inmate witnesses.  (Doc. 66.) Defendants have not filed an opposition.

The Court treats Plaintiff's motion as a motion for reconsideration of the Court's order of July 7, 2012.

## II.    MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff declares that on July 26, 2012, he had an interview with his prison counselor to request CDCR assistance to communicate with his inmate witnesses.  Declaration of J. Hasan, Doc. 67 ¶¶2-4.  The counselor told Plaintiff that there are no regulations allowing inmate witnesses in civil

1   actions to communicate unless they are related family members.  Id. ¶5.  Plaintiff showed the

2   counselor the Court's previous order denying him Court assistance to facilitate communication with

3   inmate witnesses.  Id. ¶6.  The counselor called the prison litigation office and was told that the kind

4   of communication assistance Plaintiff is requesting has to be ordered by the Court.  Id. ¶¶7-8.

5   Plaintiff now renews his motion for Court assistance to communicate with his inmate witnesses.

6   **Discussion**

7   Plaintiff has provided evidence that he was informed by his counselor that there is no

8   regulation addressing inmate witnesses in civil suits communicating with each other, and that the

9   Court must order such communication.  However, as Plaintiff was informed in the Court's previous

10   order of July 7, 2012, the Court does not have jurisdiction in this action over anyone other than the

11   Plaintiff and Defendant, and cannot direct prison officials to allow Plaintiff to correspond with his

12   witnesses.  E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983);

13   Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464,

14   471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir.

15   2006).

16   Plaintiff's motion must be denied.  Plaintiff has not provided new grounds to grant his

17   motion, shown that the Court committed clear error, or informed the Court of an intervening change

18   in the controlling law.  As discussed above, the Court does not have jurisdiction in this action to

19   order prison officials to allow Plaintiff to correspond with his witnesses.

20   Under title 15, California Code Regulations § 3139, inmates may initiate requests on CDC

21   Form 1074  to correspond with other inmates by contacting their Correctional Counselor 1 (CCI).

22   15 CCR § 3139(a) (West 2012).  Plaintiff should work with his counselor to make a request on

23   CDCR Form 1074.  Plaintiff must follow procedures and use the available resources at the prison

24   to obtain written authorization to contact his witnesses, with consideration by prison officials of

25   safety, security, and procedural priorities.

26   ///

27   ///

28   ///

3

**V.      CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's renewed motion for Court assistance to facilitate communication with inmate witnesses, filed on August 10, 2012, is DENIED, with prejudice; and

2.      The Court shall not consider any further motions for Court assistance to facilitate Plaintiff's communication with his inmate witnesses.


IT IS SO ORDERED.

**Dated:    September 25, 2012**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE