# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWWAAD HASAN, | 1:08-cv-00381-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR COURT ASSISTANCE TO FACILITATE COMMUNICATION WITH INMATE WITNESSES, WITH PREJUDICE |
| v. | |
| C/O JOHNSON, | (Doc. 66.) |
| Defendant. | |

**I.   RELEVANT PROCEDURAL HISTORY**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Jawwaad Hasan ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis. All parties to this action have voluntarily consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case was assigned to the undersigned to conduct any and all further proceedings in the case, including the trial and entry of a final judgment. (Docs. 7, 14, 26.) This action now proceeds on Plaintiff's original Complaint filed on March 17, 2008, against defendant Correctional Officer B. Johnson ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 1.) Discovery in this action is now closed, and the deadline for filing pretrial dispositive motions has

---

[1] On October 20, 2010, the Court dismissed the Doe defendants and Plaintiff's claim based on supervisory liability from this action based on Plaintiff's failure to state a claim. (Doc. 19.) On February 13, 2012, the Court dismissed Plaintiff's state law claims from this action via Defendant's motion to dismiss. (Doc. 43.)

1  expired. On May 15, 2012, Defendant filed a timely motion for summary judgment, which is now
2  pending. (Doc. 52.)
3        On April 6, 2012, Plaintiff filed a motion for Court assistance in communicating with his
4  inmate witnesses who are housed at different correctional facilities. (Doc. 47.) On July 7, 2012, the
5  Court denied the motion. (Doc. 62.) On August 10, 2012, Plaintiff renewed his motion for
6  assistance by the Court to facilitate communication with his inmate witnesses. (Doc. 66.)
7  Defendants have not filed an opposition.
8        The Court treats Plaintiff's motion as a motion for reconsideration of the Court's order of July
9  7, 2012.
10 **II.  MOTION FOR RECONSIDERATION**
11       Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies
12 relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice
13 and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d
14 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must
15 demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks
16 and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff
17 to show "what new or different facts or circumstances are claimed to exist which did not exist or
18 were not shown upon such prior motion, or what other grounds exist for the motion."
19       "A motion for reconsideration should not be granted, absent highly unusual circumstances,
20 unless the district court is presented with newly discovered evidence, committed clear error, or if
21 there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma
22 GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,
23 and "[a] party seeking reconsideration must show more than a disagreement with the Court's
24 decision, and recapitulation . . . " of that which was already considered by the Court in rendering its
25 decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).
26       Plaintiff declares that on July 26, 2012, he had an interview with his prison counselor to
27 request CDCR assistance to communicate with his inmate witnesses. Declaration of J. Hasan, Doc.
28 67 ¶¶2-4. The counselor told Plaintiff that there are no regulations allowing inmate witnesses in civil

1  actions to communicate unless they are related family members. Id. ¶5. Plaintiff showed the
2  counselor the Court's previous order denying him Court assistance to facilitate communication with
3  inmate witnesses. Id. ¶6. The counselor called the prison litigation office and was told that the kind
4  of communication assistance Plaintiff is requesting has to be ordered by the Court. Id. ¶¶7-8.
5  Plaintiff now renews his motion for Court assistance to communicate with his inmate witnesses.

**Discussion**

Plaintiff has provided evidence that he was informed by his counselor that there is no regulation addressing inmate witnesses in civil suits communicating with each other, and that the Court must order such communication. However, as Plaintiff was informed in the Court's previous order of July 7, 2012, the Court does not have jurisdiction in this action over anyone other than the Plaintiff and Defendant, and cannot direct prison officials to allow Plaintiff to correspond with his witnesses. E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

Plaintiff's motion must be denied. Plaintiff has not provided new grounds to grant his motion, shown that the Court committed clear error, or informed the Court of an intervening change in the controlling law. As discussed above, the Court does not have jurisdiction in this action to order prison officials to allow Plaintiff to correspond with his witnesses.

Under title 15, California Code Regulations § 3139, inmates may initiate requests on CDC Form 1074 to correspond with other inmates by contacting their Correctional Counselor 1 (CCI). 15 CCR § 3139(a) (West 2012). Plaintiff should work with his counselor to make a request on CDCR Form 1074. Plaintiff must follow procedures and use the available resources at the prison to obtain written authorization to contact his witnesses, with consideration by prison officials of safety, security, and procedural priorities.

///
///
///

**V.      CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's renewed motion for Court assistance to facilitate communication with inmate witnesses, filed on August 10, 2012, is DENIED, with prejudice; and
2. The Court shall not consider any further motions for Court assistance to facilitate Plaintiff's communication with his inmate witnesses.


IT IS SO ORDERED.

Dated:   **September 25, 2012**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE