1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  MISHA D. IGRA, State Bar No. 208711
   Supervising Deputy Attorney General
3  GREGORY G. GOMEZ, State Bar No. 242674
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 324-3866
6   Fax: (916) 324-5205
    E-mail: Gregory.Gomez@doj.ca.gov
7  *Attorneys for Johnson*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAWWAAD HASAN,** | 1:08-cv-00381 GSA (PC) |
| Plaintiff, | **REPLY TO SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **B. JOHNSON, et al.,** | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Jawwaad Hasan contends that after being disciplined and referred to administrative segregation on March 22, 2006, he was violently assaulted by Officer Johnson during an escort from his prior housing unit to administrative segregation, resulting in extensive physical injuries and trauma. (Compl. ¶¶ 13-15, ECF No. 1.) Officer Johnson moved for summary judgment, and pointed out that Hasan's medical records directly contradict his allegations of grievous injury, and the documentary evidence is incompatible with Hasan's complaint. (DUF 3-57.) The motion was fully briefed, but following the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012), the Court allowed Plaintiff to file a supplemental opposition. (July 20, 2012, Order, ¶ 3, ECF No. 65.)

1

In his supplemental opposition, Hasan speculates that other correctional staff would testify in support of his allegations, but no such evidence has been presented and Hasan's speculation does not create a disputed material fact. (Pl's Supp. Opp'n 1:23-3:13, ECF No. 69.) Although Hasan now attaches a letter from someone he claims was an inmate-witness to the incident (Pl's Supp. Opp'n, Letter, ECF No. 69), this letter is hearsay without exception, and it, along with his own prior testimony, is contradicted indisputably by medical evidence to such an extent that no reasonable jury could believe Hasan. *Scott v. Harris*, 550 U.S. 372, 380-81(2007)(holding where two parties tell opposing stories, and one story is clearly contradicted by the record such that no reasonable jury could believe it, a court should not adopt that version for purposes of ruling on a motion for summary judgment); *see also Nilsson v. City of Mesa*, 503 F.3d 947, 952 (9th Cir. 2007); *Fed. Trade Comm'n v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), as amended. Thus, Hasan has failed to create a material dispute of fact, and Officer Johnson is entitled to judgment as a matter of law. In addition, Officer Johnson is entitled to qualified immunity, which provides further ground for granting his motion for summary judgment.

**ARGUMENT**

**I. HASAN BEARS THE BURDEN OF PRODUCING COMPETENT EVIDENCE SHOWING A GENUINE DISPUTE OF MATERIAL FACT.**

Defendant Johnson bore the initial burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett* (Celotex), 477 U.S. 317, 323 (1986). As the party opposing a motion for summary judgment, Hasan was required to produce competent evidence, affirmatively showing that a dispute about a material fact is genuine, such that a reasonable jury could return a verdict for him. *Id*., at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. This standard requires that if any evidence produced in opposition to Defendant's motion is "merely colorable," or "not significantly probative," Defendant's motion must be granted. *Anderson*, 477 U.S. at 249; *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285,

2

1288 (9th Cir. 1987). As more fully discussed below, Hasan has failed to meet his burden, and so Officer Johnson is entitled to judgment as a matter of law.

## II. HASAN'S SPECULATION THAT OTHER POTENTIAL DECLARANTS WOULD TESTIFY TO HIS ALLEGATIONS DOES NOT CREATE A DISPUTED MATERIAL FACT.

Hasan contends that other correctional staff, if they were to testify, would provide evidence furthering his allegations and creating disputes of material facts. (Pl's Supp. Opp'n 1:23-3:13, ECF No. 69.) But Hasan does not present any testimony from these supposed witnesses, and his speculation does not create a disputed material fact.

## III. HASAN'S PROFFERED LETTER IS INADMISSIBLE HEARSAY.

In his supplemental opposition, Hasan attaches a letter purportedly written by an inmate witness to the incident, who claims to have seen "C/O B. Johnson along with another C/O slam Inmate Hasan into the wall in the rotunda." (Pl's Supp. Opp'n, Ex. A, ECF No. 69.) But this letter is unauthenticated hearsay, without an identified exception, and therefore inadmissible. Fed. R. Evid. 601, 602, 801, 802. Under Federal Rule of Civil Procedure 56(c)(4), factual assertions must be supported by admissible evidence. Because the proferred letter is inadmissible, there is no competent evidence to create a material dispute of fact.

## IV. THE PROFFERED LETTER CONTRADICTS HASAN'S OWN TESTIMONY, AND THE MEDICAL EVIDENCE, SO THAT NO REASONABLE JURY COULD BELIEVE HASAN'S STORY.

Even if the contents of the letter were admissible, the inmate's statement that Officer Johnson *and another officer* slammed Hasan into the rotunda directly contradicts Hasan's own testimony that Officer Johnson, alone, assaulted him. (Compare Compl. ¶¶ 12-14, ECF No. 1 and Pl's Opp'n to Def's Mot. for Summ. J., 5:21-25, ECF No. 57 with Pl's Supp. Opp'n, Ex. A, ECF No. 69.)

Hasan's medical records and testimony of third-party medical care providers indicate an absence of serious injury, including injury that would have resulted if the alleged assault had actually occurred. (Def's Mot. for Summ. J, at ¶¶ 8, 49, 50, 51, 54, ECF No. 52-5.) Because Hasan's medical records contradict his evidence, to such an extent that no reasonable jury could believe Hasan, the Court should adopt Officer Johnson's version of facts when it rules on his

3

motion for summary judgment. *Scott v. Harris*, 550 U.S. at 380-81; *Nilsson v. City of Mesa*, 503 F.3d at 952; *Fed. Trade Comm'n v. Publ'g Clearing House, Inc.*, 104 F.3d at 1171, as amended.

## V. HASAN'S REQUEST TO REOPEN DISCOVERY UNDER FED. R. CIV. P. 56(D) SHOULD BE DENIED.

In his supplemental opposition, Hasan requests that he be allowed to reopen discovery under Federal Rule of Civil Procedure 56(d), so that he can "interview and obtain declarations" from Officers J. Gonzales, D. Valtierra, and Harashia, as well as inmates Burns and Hackworth. (Pl's Supp. Opp'n 1:23-3:20, ECF No. 69); Fed. R. Civ. P. 56(d).

Under Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose the motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. Fed. R. Civ. P. 56(d). In denying his May 31, 2012 motion to reopen discovery under Fed. R. Civ. P. 56(d), the Court instructed Hasan to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 94558, 6-7 (E.D. Cal. July 9, 2012) (citing *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006); *Tuvalu v. Woodford*, No. CIV S-04-1724 RRB KJM P, 2007 U.S. Dist. LEXIS 76560, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

Hasan speculates that other correctional staff and inmate witnesses, if they were to testify, would provide evidence furthering his allegations and creating disputes of material facts. (Pl's Supp. Opp'n 1:23-3:20, ECF No. 69.) But Hasan's medical records and testimony of third-party medical care providers indicate an absence of serious injury, including injury that would have resulted if the alleged assault had actually occurred. (Def's Mot. for Summ. J. at ¶¶ 8, 49, 50, 51, 54, ECF No. 52-5.) Because Hasan's medical records would contradict any testimony that could be obtained from these potential witnesses, to such an extent that no reasonable jury could believe Hasan, Hasan cannot explain how conducting further discovery could preclude summary judgment. *Tatum v. City & County of San Francisco*, 441 F.3d at 1100. Thus, Hasan fails to

///

4

satisfy the requirements of Federal Rule of Civil Procedure 56(d), and the Court should deny his request.

### VI. OFFICER JOHNSON IS ENTITLED TO QUALIFIED IMMUNITY.

The evidence reveals that Officer Johnson did not violate Hasan's constitutional rights. And his actions during the escort were reasonable. Thus, Officer Johnson is entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

## CONCLUSION

Hasan argues in his supplemental opposition that he should be allowed to conduct further discovery of non-parties to prove his version of events. But the competent evidence presented by Officer Johnson shows that Hasan was not injured during the escort. Hasan's speculation, and the hearsay of others, does not create a material dispute of fact. Thus, Officer Johnson did not use excessive force during the March 22, 2006 escort, Officer Johnson is entitled to qualified immunity, and the Court should grant his motion for summary judgment.

Dated: October 1, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MISHA D. IGRA
Supervising Deputy Attorney General

*/s/ Gregory G. Gomez*

GREGORY G. GOMEZ
Deputy Attorney General
*Attorneys for Johnson*

SA2011300728
31526724.doc

5

Reply to Supplemental Opp'n to Mot. for Summ. J.   (1:08-cv-00381 GSA (PC))

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Hasan v. Johnson, et al.**
No.:         **1:08-cv-00381 GSA (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **October 1, 2012**, I served the attached:

   **REPLY TO SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:


Jawwaad M. Hasan, H-84717
California State Prison - Solano
P.O. Box 4000
Vacaville, CA 95696-4000
In Pro Per


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 1, 2012**, at Sacramento, California.

| S. Burke | /s/ S. Burke |
|---|---|
| Declarant | Signature |

SA2011300728
31538938.doc