IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWWAAD HASAN, | 1:08-cv-00381-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | (Doc. 85.) |
| C/O JOHNSON, | |
| Defendant. | |

**I.   BACKGROUND**

Jawwaad Hasan ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 17, 2008.  (Doc. 1.)  The case now proceeds on the original Complaint against defendant Correctional Officer Johnson, on Plaintiff's claims for excessive force under the Eighth Amendment.  Id.  On November 16, 2012, Plaintiff filed a motion seeking the appointment of counsel.  (Doc. 85.)

**II.   MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel

-1-

pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

Plaintiff filed two prior motions for appointment of counsel in this action, on April 9, 2008 and October 21, 2011.  (Docs. 9, 32.)  Plaintiff refers back to the Court's order denying his motion of October 21, 2011, in which the court found that the "exceptional circumstances" required by the Ninth Circuit in Rand, 113 F.3d 1525, were not present in Plaintiff's case.  Plaintiff argues that the Court should apply the legal standards used by the Second, Seventh, and Eighth Circuits, which require the court to give serious consideration to the appointment of counsel if the plaintiff's claim has merit.  Plaintiff also argues that he is eligible for appointment of counsel because he has moderate deficits in visual memory, verbal language skills, and visual motor interrogation affecting reading and spelling, and a writing disability.  He also claims that the conditions of his incarceration make it difficult to litigate his claims.  Plaintiff requests the Court to also consider the complexity of his particular legal issues and his difficulty understanding legal procedures.

### III.  DISCUSSION

With respect to Plaintiff's suggestion that the Court use different legal standards, it is well established that this Court is bound by Ninth Circuit precedent.[1]  Therefore, the Court may not use the legal standards from the Second, Seventh, and Eighth Circuits cited by Plaintiff.

With respect to Plaintiff's requests for the Court to consider the merits of his case and his legal skills and abilities when deciding his motions for appointment of counsel, the Court already considers these factors.  The Ninth Circuit's "exceptional circumstances" standard requires the court to "evaluate both the likelihood of success of the merits [and] the ability of

---

[1] A federal district court is bound by the law of its own circuit.  See Zuniga v. United Can Company, 812 F.2d 443 (9th Cir. 1987); also see United States v. AMC Entertainment, Inc., 549 F.3d 760 (9th Cir. 2007).

the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525.

In the present case, the court does not find the required exceptional circumstances. The Court has reviewed Plaintiff's allegations of excessive force and cannot determine at this juncture that Plaintiff is likely to succeed on the merits. To succeed, Plaintiff must prove that defendant Johnson applied force against him maliciously and sadistically to cause harm, and not in a good-faith effort to restore discipline. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992). Based on the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Moreover, Plaintiff's claim – that he was subjected to excessive force – is not complex, and the court is faced with similar cases almost daily. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for the appointment of counsel, filed on November 16, 2012, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 29, 2012**             /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE