# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWWAAD HASAN,<br><br>    Plaintiff,<br><br>    v.<br><br>C/O JOHNSON,<br><br>    Defendant.<br>_____/ | 1:08-cv-00381-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY PURSUANT TO RULE 56<br>(Doc. 69.) |

## I. RELEVANT PROCEDURAL HISTORY

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Jawwaad Hasan ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis. All parties to this action have voluntarily consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case was assigned to the undersigned to conduct any and all further proceedings in the case, including the trial and entry of a final judgment. (Docs. 7, 14, 26.) This action now proceeds on Plaintiff's original Complaint filed on March 17, 2008, against defendant Correctional Officer B. Johnson ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 1.) Discovery in this action was closed on December 1, 2011, and the deadline for filing pretrial dispositive motions has expired. On May 15, 2012, Defendant filed a timely motion for summary judgment, which is now pending. (Doc. 52.)

---

[1] On October 20, 2010, the Court dismissed the Doe defendants and Plaintiff's claim based on supervisory liability from this action based on Plaintiff's failure to state a claim. (Doc. 19.) On February 13, 2012, the Court dismissed Plaintiff's state law claims from this action via Defendant's motion to dismiss. (Doc. 43.)

1

On August 10, 2012, Plaintiff filed a renewed motion to reopen discovery pursuant to Rule 56. (Doc. 69.) On October 1, 2012, Defendant filed an opposition to the motion. (Doc. 77 ¶V.)

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

### Allegations in the Complaint

The events at issue allegedly occurred at Corcoran State Prison ("CSP") in Corcoran, California, when Plaintiff was incarcerated there. Defendant Johnson was a correctional officer employed at CSP at the time of the events at issue.

Plaintiff alleges as follows in the Complaint. On March 22, 2006, Plaintiff was escorted to Administrative Segregation. Plaintiff was being placed in Administrative Segregation pending a disciplinary charge against him for threatening staff. (Compl., ¶12.) Plaintiff, in handcuffs, was escorted by Defendant Johnson and C/O Gonzalez. Id. Defendant Johnson, holding Plaintiff by the handcuffs, "without just cause, justification, provocation or good cause or reason, violently jerked the handcuffs, twisted them by the left side of the handcuffs, and thrusted plaintiffs' handcuffs upward thereby forcing plaintiff to walk on his toes." (Compl., ¶13.) Upon reaching the rotunda area, Defendant Johnson "grabbed plaintiff and violently propelled him across the rotunda slamming plaintiff into another wall, and continued to slam plaintiff into walls thereon opposite sides of the rotunda back and forth for several minutes. Plaintiff's head was slammed into the walls several times during this beating episode carried out by defendant Johnson." (Compl., ¶14.) Plaintiff seeks monetary damages as relief.

### Eighth Amendment Excessive Force Claim

Plaintiff brings a claim against Defendant for use of excessive force in violation of the Eighth Amendment of the United States Constitution. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002)

2

1 (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis*
2 injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of
3 action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments
4 necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that
5 the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal
6 quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

### III. RENEWED MOTION TO REOPEN DISCOVERY - RULE 56

Pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose the motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007). A court is within its discretion to deny such a request when the party seeking the continuance has not diligently pursued discovery previously. Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir.1994).

#### A. Parties' Positions

Plaintiff previously filed a motion to reopen discovery on May 31, 2012. (Doc. 57.) Because Plaintiff failed to provide the declaration or affidavit required by Rule 56(d), the Court denied the

motion without prejudice to renewal of the motion within thirty days, "submit[ting]an affidavit or declaration identifying the specific facts that further discovery would reveal, explaining why those facts would preclude summary judgment, discussing his diligence in pursuing discovery previously, and describing his efforts to obtain permission from prison officials to communicate with his witnesses." (Order, Doc. 62 at 4:19-22.) Plaintiff now renews the motion, requesting that the Court reopen discovery to enable him to interview witnesses and acquire the declarations needed to file a properly supported opposition to Defendant's motion for summary judgment.

Plaintiff asserts that he requires declarations from the following witnesses to properly oppose summary judgment:

<u>Correctional Officers J. Gonzales and D. Valtierra</u>

Plaintiff alleges that C/O J. Gonzales and C/O D. Valtierra were with defendant B. Johnson during the time Plaintiff was escorted from the program office to Ad Seg and were present during the entire beating episode in the rotunda. Plaintiff seeks to interview these officers to discover facts contradicting Defendant Johnson's version of the events in the motion for summary judgment, which places C/O J. Gonzales and C/O D. Valtierra, and not Defendant, as Plaintiff's primary escorts.

<u>Correctional Officer Harashia</u>

Plaintiff alleges C/O Harashia was the officer who opened the door to the rotunda, allowing defendant Johnson, J. Gonzales, D. Valierra, and Plaintiff to enter the rotunda, and that Harashia could see through a clear glass window where Plaintiff was slammed into the walls for several minutes. Plaintiff seeks to interview C/O Harashia to discover his version of the events and whether he witnessed the beating.

<u>Inmate Desi Burns</u>

Plaintiff alleges that inmate Desi Burns observed defendant Johnson using excessive force on Plaintiff, from his cell door, and Plaintiff has submitted a letter written by inmate Burns, dated June 28, 2011, describing what Burns saw. Exh to Motion, Doc. 69 at 5-6. Plaintiff requests that Burns' letter be given the same legal authority as a declaration, or that Plaintiff be allowed further discovery to obtain Burns' declaration.

///

Inmate Hackworth

Plaintiff alleges that inmate Hackworth witnessed the entire incident at issue in the rotunda. Plaintiff seeks to obtain Hackworth's declaration stating that he saw defendant Johnson use excessive force against Plaintiff on March 22, 2006, from his cell door window. Plaintiff alleges that Hackworth was housed in 3A04 cell 125, directly across the rotunda.

In opposition to Plaintiff's renewed motion, Defendant argues that Plaintiff has not shown that his intended further discovery will preclude summary judgment, as required by Federal Rule of Civil Procedure 56(d). Defendant argues that Plaintiff's medical records would contradict any testimony furthering Plaintiff's allegations.

**B.    Discussion**

Plaintiff has not shown how his intended further discovery will assist him in opposing Defendant's argument in the motion for summary judgment. In this case, there is no disagreement between the parties that a dispute of fact exists with respect to whether Defendant used excessive force during an escort, because Defendant has acknowledged that he "disputes all of Plaintiff's allegations concerning the escort." (MSJ, Doc. 52 at 4 ¶I.A.)  Here, Defendant seeks summary judgment on the ground that Plaintiff's medical records, which show pre-existing injuries and only superficial medical injuries, are incompatible with Plaintiff's allegations in the Complaint that he received extensive physical injuries, paralysis, and "trauma beyond measure."  Compl. ¶15. Defendant argues that the contradiction between Plaintiff's medical records and Plaintiff's account of his injuries is such that no reasonable jury could believe Plaintiff, entitling Defendant to summary judgment.

Plaintiff seeks further discovery to obtain evidence, through witness declarations, supporting Plaintiff's version of the events occurring on March 22, 2006.[2]  However, such evidence will not assist Plaintiff in defeating Defendant's argument with respect to his medical records. Thus, Plaintiff

---

[2] Whereas Defendant claims that he did not escort any inmates on that day or come into physical contact with Plaintiff, (Johnson Decl., Doc. 52-3 at ¶¶5, 6, 12, 13.), Plaintiff claims that Defendant escorted him and "grabbed plaintiff and violently propelled him across the rotunda slamming plaintiff into another wall, and continued to slam plaintiff into walls thereon opposite sides of the rotunda back and forth for several minutes[, slamming] Plaintiff's head [] into the walls several times during this beating episode carried out by defendant Johnson," (Compl., ¶14).

5

has not shown that his intended further discovery will preclude summary judgment. Therefore, Plaintiff's renewed motion to reopen discovery shall be denied.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's renewed motion to reopen discovery, filed on August 10, 2012, is DENIED.

IT IS SO ORDERED.

Dated: **January 16, 2013**          /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE