IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWWAAD HASAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>JOHNSON,<br><br>    Defendant.<br>_____/ | 1:08-cv-00381-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>( #93) |

On April 18, 2013, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

1  In the present case, the court does not find the required exceptional circumstances. Even
2  if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
3  which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff asserts that he
4  has "moderate deficits in visual memore, verbal language skills and affecting motor interrogation,
5  affecting reading and spelling, and a writing disability." Motion, Doc. 93 at 3:21-25. However,
6  a review of the record in this case shows that plaintiff is responsive, adequately communicates, and
7  is able to articulate his claims. Plaintiff correctly notes that credibility will be an issue at trial. This
8  fact does not make his case exceptional. The legal issue in this case – whether the sole defendant
9  used excessive force against plaintiff – is not complex, and this court is faced with similar cases
10 almost daily. Further, at this stage in the proceedings, the court cannot make a determination that
11 plaintiff is likely to succeed on the merits. Id.
12     For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
13 DENIED, without prejudice.
14     IT IS SO ORDERED.
15     Dated:   April 25, 2013              /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE