# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWWAAD HASAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON, et al.,<br><br>　　　　Defendants. | Case No.  1:08-cv-0381-MJS<br><br>ORDER REGARDING MISCELLANEOUS PRETRIAL MOTIONS AND REQUESTS<br><br>(ECF No. 107, 111, 115, 122, 123, 125) |

　　　　This action is set for jury trial on January 28, 2014, before the Honorable Michael J. Seng.

　　　　At an October 25, 2013, telephonic Pretrial Conference the Court considered, heard argument on, and ruled on the following miscellaneous pending motions and issues: Plaintiff's motion for reconsideration of the Court's denial of his motion to appoint counsel (ECF No. 111); Plaintiff's request for an expert witness (ECF Nos. 115, 116, 122, 125); Plaintiff's request to add additional claims and defendants (ECF No. 122); Plaintiff's request to bring to trial incarcerated witnesses (ECF No. 107); Defendant Johnson's motion for an in camera review of documents (ECF No. 125); and Plaintiff's request for additional discovery to include the personnel files of Defendant Johnson's potential trial witnesses (ECF Nos. 107, 123).

## I. PLAINTIFF'S MOTION FOR RECONSIDERATION OF HIS MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has moved for reconsideration of the Court's previous decisions to deny his motions for appointment of counsel. Plaintiff alleges that his various medical conditions prevent him from properly litigating this case on his own.

Fed. R. Civ. P. 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has not provided new evidence, shown that the Court committed clear error, or pointed to a change in the controlling law. It remains that Plaintiff does not have a constitutional or statutory right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District

Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Moreover, Plaintiff continues to shepherd this case through the system and although everyone will generally benefit from the assistance of experienced trial counsel, Plaintiff has shown an ability to pursue his case on his own.  He is free to retain counsel of his choosing, but the Court is unable to appoint counsel to represent him free of charge at this time.

II.     **PLAINTIFF'S REQUEST FOR AN EXPERT WITNESS**

Plaintiff has made a belated request to subpoena an incarcerated former medical doctor, James Daly, to testify at trial as an expert medical witness. (ECF No. 115, 116, 122.) Defendant Johnson objects that Daly is neither a percipient witness nor qualified to give expert medical opinion testimony. (ECF No. 121.) Plaintiff replies that Daly has reviewed, or can review, Plaintiff's medical records relevant to this case and is sufficiently trained and experienced to opine on their contents and, specifically, as to what they reflect about the nature of Plaintiff's injuries and the forces necessary to produce such injuries.

Without ruling on the witness's competence to testify as an expert witness or in the manner described, the Court will tentatively order him to be produced for trial subject to the following conditions:  Within **fourteen (14) days** of the date of this order, Plaintiff shall provide Defendant Johnson a copy of the medical records Inmate Daly has reviewed or will review; Defendant Johnson may depose inmate Daly prior to the start of trial in this matter provided Plaintiff is allowed to attend the deposition either in person or telephonically and ask follow up questions to defense counsel's questions; and, Defendant retains the right to move in limine to preclude or restrict testimony from the witness.

III.    **PLAINTIFF'S REQUEST TO ADD ADDITIONAL CLAIMS AND DEFENDANTS**

Plaintiff has submitted an addendum to his pretrial order in which he requests to add additional claims and defendants to this action. (ECF No. 122.) All deadlines for such amendment having long ago passed and their being no good cause, or any

justification, for such amendment, this request is denied in its entirety.

## IV.     PLAINTIFF'S REQUEST FOR INCARCERATED WITNESSES

Plaintiff seeks to have six incarcerated individuals brought to trial to testify in this action.  (ECF No. 107.)  Defendant Johnson has objected to production of Exmundo, Bailey, Dunbar, and Hamilton as there is no indication they were percipient witnesses or have any admissible evidence relating to the issues in this case.  Plaintiff believes these witnesses may testify about other instances where Defendant Johnson spontaneously used unnecessary force against inmates to show he was a "rogue" officer likely to act as Plaintiff alleges he did toward Plaintiff.  Based on the argument presented the Court finds such evidence precluded by FRE 404 (b) and will not permit it.

It being represented that inmates Hackworth and Burns witnessed the events at issue in this action, they will be produced at trial.

## V.      DEFENDANT JOHNSON'S MOTION FOR AN *IN CAMERA* REVIEW OF DOCUMENTS

Defendant Johnson moved the Court for an in camera review of documents reflecting evidence from an incarcerated confidential informant who could be called as a witness to impeach Plaintiff and his claims at trial.  (ECF No. 125.)

The Court will conduct an in camera review of the documents.  If the Court concludes that the witness has relevant evidence to offer, it will allow Defendant Johnson to call him to testify at trial provided Defendant first arranges to enable Plaintiff's telephonic deposition of the witness (incognito) at Defendant's expense.  If the witness is called to testify, the Court will address at the start of trial the propriety of disclosing the witnesses identity to Plaintiff or, alternatively, shielding his identity from Plaintiff even during trial.

## VI.     PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY AND PERSONNEL FILES

Plaintiff seeks discovery and production at trial of the personnel files of Defendant Johnson and of each of the prison employees listed as potential trial

witnesses by Defendant Johnson. (ECF No. 123.)  Plaintiff has also requested additional discovery in this matter. (ECF No. 107.)

The time for discovery and compelling further discovery in this case expired long ago.  No good cause has been presented for reopening discovery. It shall remain closed.

As to Defendant Johnson's personnel file, within **fourteen (14) days** of entry of this order, Defendant Johnson shall provide the Court with a copy of his personnel file (excluding routine pay, tax, health, and other personal information except insofar as it may reflect adverse personnel action having been initiated against said defendant) for the Court's in camera review.  The Court will determine from such review whether there exists information relevant to this case and, if so, the terms, if any, upon which it may be provided to Plaintiff.

### V.     **PLAINTIFF'S REQUEST FOR UNINCARCERATED WITNESSES**

Pursuant to the Court's Second Scheduling Order, Plaintiff has requested that the Court subpoena Correctional Officer D. Valtierra of Corcoran State Prison, Correctional Officer J. Gonzales of Corcoran State Prison, Correctional Officer Harashia of Corcoran State Prison, Correctional Officer K. Malloy of Corcoran State Prison, K. Kohler a nurse at Corcoran State Prison, C. Marquez a nurse at Corcoran State Prison, J. Neubarth a doctor at Corcoran State Prison, K. Win a doctor at CSP-Solano, David Smith a doctor at Memorial Hospital, John Klarich a doctor at Memorial Hospital, and Mark Kowell a doctor at Twin Cities Community Hospital.  (ECF No. 107.)

Plaintiff has failed to provide the Court with sufficient contact information for Smith, Klarich, and Kowell.  Plaintiff must provide the Court with the full contact information for Smith, Klarich, and Kowell, including the complete addresses for the hospitals where they are employed, at the time he submits his money orders.

///
///
///

Plaintiff lists the location of Valtierra, Gonzales, Harashia, Malloy, Koehler, Marquez, Neubarth, Smith, and Klarich[1] as Corcoran State Prison. It is located at 900 Quebec Avenue in Corcoran, California. The round trip mileage from Corcoran to Fresno is 54.9 miles. The mileage rate is 55.5 cents per mile. The total mileage fee is $30.47. Thus, to subpoena an individual from Corcoran, Plaintiff must submit a money order made payable to him or her in the amount of $70.47.

Plaintiff shows the location of Win as California State Prison, Solano. It is located at 2100 Peabody Road in Vacaville, California. The roundtrip mileage from Vacaville to Fresno is 182 miles. The mileage rate is 55.5 cents per mile. The total mileage free is $101.01. Accordingly, to subpoena Win, Plaintiff must submit a money order made payable to Win in the amount of $141.01.

Plaintiff lists the location of Kowell as Twin Cities Community Hospital, which appears to be located at 1100 Las Tablas Road, in Templeton, California. The roundtrip mileage from Templeton to Fresno is 116 miles. The mileage rate is 55.5 cents per mile. The total mileage fee is $ 64.38.   Accordingly, to subpoena Kowell, Plaintiff must submit a money order made payable to Kowell in the amount of $104.38.

The Court Orders Plaintiff to submit the requisite money orders and the full contact information for Smith, Klarich, and Kowell **by no later than December 9, 2013.**

## VI.   CONCLUSION AND ORDER

Accordingly, the Court hereby ORDERS the following:

1. Plaintiff's motion for reconsideration of the Court's denial of his motion to appoint counsel is DENIED (ECF No. 111);
2. Plaintiff's request to bring incarcerated inmate witness Daly to trial (ECF No. 115, 122) is GRANTED;
    a. Within **fourteen (14) days** of entry of this order, Plaintiff must provide Defendant Johnson with a copy of all of the documents Inmate Daly is

---

[1] Plaintiff lists the address of Smith and Klarich as "Memorial Hospital", which appears to be the hospital at Corcoran State Prison. If this is incorrect, Plaintiff should provide the Court with the correct addresses for these individuals.

6

    to use forming opinions he will be asked to testify to at trial (ECF No. 116);

  b. Plaintiff will be allowed to participate in the deposition of inmate Daly by Defendant;

3. Plaintiff's request to add additional claims and defendants (ECF No. 122) is DENIED;

4. Plaintiff's request to call Inmates Hackworth and Burns as witnesses in this action is GRANTED (ECF No. 107);

5. Plaintiff's request to call Inmates Exmundo, Bailey, Dunbar, and Hamilton as witnesses in this action is DENIED (ECF No. 107);

6. Plaintiff's request for additional discovery is DENIED (ECF No. 107);

7. Defendant Johnson's request for the Court to perform an in camera review of documents (ECF No. 125) is GRANTED:

  a. Within **fourteen (14) days** of entry of this order, Defendant Johnson should provide the Court with a copy of the documents he wishes to file under seal;

  b. If Court concludes after in camera review that the witness has relevant evidence to offer, it will allow Defendant Johnson to call him to testify at trial provided Defendant first arranges to enable Plaintiff's telephonic deposition of the witness (in cognito) at Defendant's expense. If the witness is called to testify, the Court will address at the start of trial the propriety of disclosing the witnesses identity to Plaintiff or, alternatively, shielding his identity from Plaintiff even during trial;

8. Plaintiff's request for personnel files (ECF No. 123) is partially GRANTED and partially denied;

  a. Within **fourteen (14) days** of entry of this order, Defendant Johnson shall provide the Court with a copy of his personnel file and the Court will perform an in camera review of it;

      b. Plaintiff's request for the personnel files of Defendant Johnson's potential witnesses (ECF No. 123) is DENIED; and

9. Plaintiff shall provide money orders and the full contact information for proposed witnesses Smith, Klarich, and Kowell for his unincarcerated witnesses by **December 9, 2013**.

IT IS SO ORDERED.

Dated:   November 1, 2013             /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE