1

2

3

4

5

6

7

8

9

10                          UNITED STATES DISTRICT COURT

11                         EASTERN DISTRICT OF CALIFORNIA

12

13    JAWWAAD HASAN,                          **CASE NO. 1:08-cv-0381-MJS (PC)**

14                    Plaintiff,              **ORDER DENYING MOTION FOR POST-**
                                             **JUDGMENT INTEREST, COSTS, AND**
15           v.                              **FEES**

16    B. JOHNSON,                            **(ECF NO. 141)**

17                    Defendant.

18

19           Plaintiff is a state prisoner proceeding pro se in this civil rights action brought

20    pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds on Plaintiff's complaint

21    against Defendant for excessive force in violation of the Eighth Amendment. (Order

22    Dismissing Claims and Defendants, ECF No. 19.)

23

24           On December 13, 2013, Defendant filed notice that Plaintiff had accepted an offer

25    of judgment of dismissal pursuant to Federal Rule of Civil Procedure 68. (ECF No. 139.)

26    The Court entered a judgment of dismissal on December 24, 2013. (ECF No. 140.)

27

28

Before this Court is Plaintiff's motion for post-judgment interest, costs and fees. (ECF No. 141.) Defendant filed an opposition to the motion on January 27, 2014. (ECF No. 142.) The time to file reply documents has passed and none were filed. This matter is deemed submitted.

Plaintiff entered into a settlement agreement with Defendant, in which he gave up his rights to pursue post-judgment interest, costs, and fees. (Settlement Agreement, ECF No. 143.) The agreement states, "Unless expressly stated otherwise, no interest shall be paid on the settlement amount." (Settlement Agreement at 2, ¶ III.4.) It then goes on to provide that, other than the settlement amount, "[n]o other monetary sum will be paid to Plaintiff" and "[e]ach party shall bear its own costs and attorney's fees." (Settlement Agreement at 2, ¶ III.5-6.) Thus, the settlement agreement expressly rules out any interest, costs, or fees being paid.

Generally, "the construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contacts generally." O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004) (quoting United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992)). Under California law, "[t]he fundamental goal of contract interpretation is to give effect to the mutual intent of the parties as it existed at the time of contracting." Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1014-15 (9th Cir. 2012) (quoting Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 989 (9th Cir. 2006) (per curiam)). Here, the parties' mutual intent to forego any rights to interest, costs, and fees is plain on the face of the settlement agreement.

Under the terms of the settlement agreement he entered into, Plaintiff is unable to recover post-judgment interest, costs, or fees from Defendant. Accordingly, Plaintiff's motion for same is hereby DENIED.

2

IT IS SO ORDERED.

Dated:   June 27, 2014                         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE